IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DARRELL JONES,<br>FATIMA JONES, and<br>JONES INVESTING, LLC,<br><br>　　　　Defendants. | CASE NO.:<br><br>JUDGE<br><br>**COMPLAINT OF THE UNITED STATES OF AMERICA**<br><br>**JURY TRIAL DEMANDED** |

　　For its Complaint, the United States of America alleges as follows:

　　1.　　This action is brought by the United States to enforce the provisions of Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act), as amended, 42 U.S.C. §§ 3601, *et seq.*

## JURISDICTION AND VENUE

　　2.　　This court has jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 3614(a).

　　3.　　Venue is proper in this district under 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the United States' allegations occurred in the Western District of Michigan, and Defendants reside or do business in the Western District of Michigan.

## DEFENDANTS

　　4.　　Defendant Darrell Jones is a resident of Muskegon, Michigan.

　　5.　　At all times relevant to this complaint, Defendant Fatima Jones has been married to Defendant Darrell Jones and a resident of Muskegon, Michigan.

　　6.　　Defendant Jones Investing, LLC is a Michigan limited liability company whose

principal place of business is in and around the city of Muskegon, Michigan.

## DISCRIMINATORY HOUSING PRACTICES OF DEFENDANT DARRELL JONES

7. Since at least 2008, Defendant Darrell Jones has operated a residential rental business in or around Muskegon, Michigan.

8. At all times relevant to this action, Defendant Darrell Jones has owned or had an ownership interest in and/or managed at least twenty-five residential properties in or around Muskegon, Michigan (the "subject properties").

9. These properties include, but are not limited to, the following addresses in Muskegon, Michigan: 2179 Continental St., 3314 Lemuel St., 1095 Fleming Ave., 1316 Allen St., 222 W. Dale Ave., 866 E. Isabella St., 1507 Park St., 1875 Dyson St., 821 Evanston Ave., and 1748 5th St.

10. The subject properties described above are "dwellings" within the meaning of the Fair Housing Act (FHA) (42 U.S.C. § 3602(b)).

11. At all times relevant to this action, Defendant Darrell Jones performed management duties at the subject properties including, but not limited to, advertising vacancies, accepting or rejecting prospective tenants, setting rates for rent and security deposits, collecting rent, accepting requests for repairs, making repairs, and evicting tenants.

12. At all times relevant to the action, Defendant Darrell Jones' wife, Fatima Jones, and/or Jones Investing, LLC, also owned or co-owned the subject properties. Defendants Fatima Jones and/or Jones Investing, LLC, engaged Darrell Jones to act as their agent to manage the subject properties that they owned or co-owned, and provided him with the actual or apparent authority to receive applications for tenancy; to accept or reject prospective tenants; to bind tenants to landlord/tenant contracts by signing leases; to use keys to access tenants' housing; to collect rents and fees; to make repairs in tenants' housing; to make adjustments to the amounts of rent,

fees, or security deposits; and to evict tenants or otherwise enforce lease provisions for the subject properties.

13. On repeated occasions from at least 2008 through at least July 2018, Defendant Darrell Jones has subjected multiple female tenants of the subject properties to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment, on multiple occasions. Such conduct has included, but has not been limited to the following:

   a. Making unwelcome sexual comments, making unwelcome sexual advances, and making unwelcome requests for pictures of female tenants' naked body parts;

   b. Offering to grant tangible housing benefits—such as making repairs and/or reducing the rent, and overlooking or excusing late or unpaid rent—in exchange for sex or sex acts;

   c. Touching female tenants on their buttocks, breasts, and other parts of their bodies without their consent;

   d. Taking adverse housing actions, such as eviction or refusing to make repairs, or threatening to take such actions, against female tenants who objected to and/or refused sexual advances;

   e. Expressing a preference for renting to single female tenants, and taking adverse housing actions against female tenants upon learning that they were not single; and

   f. Entering the homes of female tenants without their consent.

14. For example, in 2018, Darrell Jones repeatedly harassed a female tenant who lived in one of the subject properties by making unwelcome sexually inappropriate comments to her about her body when he collected her rent; making unwelcome requests that she go on dates with

3

him; making unwelcome requests for pictures of her naked body parts; making unwelcome requests for sexual activity; touching her buttocks without her consent; and delaying or refusing to make repairs and evicting her once his sexual advances were rebuffed.

15.     In another example, on numerous occasions from 2013-2016, Darrell Jones touched the breasts of a female tenant who lived in one of the subject properties without her consent. He also made unwelcome comments to the female tenant about his genitalia and requested that she touch his penis when he collected the female tenant's rent. Additionally, Darrell Jones told the female tenant she could not have her boyfriend at the subject property.

16.     In another example, in 2016, Darrell Jones repeatedly pressured a female tenant who lived at one of the subject properties to show him her buttocks or breasts. Darrell Jones told her that if she showed him her buttocks or breasts he would reduce her rent. He also offered to waive the female tenant's rental payment completely if should would have sex with him. Additionally, on multiple occasions, when he collected her rent in person, he made unwelcome inappropriate sexual comments to the female tenant, tried to hug her and touch her buttocks without her consent, and made unwelcome requests that she give him naked pictures of herself.

17.     The experiences of these three women described above in paragraphs 13-16 were not isolated instances; nor were they the only instances of Darrell Jones' sexual harassment. Rather, these instances were part of Darrell Jones' longstanding pattern and practice of illegal sexual harassment of these and multiple other female tenants between 2008 and the present.

18.     Defendant Darrell Jones' discriminatory housing practices, as described above in paragraphs 13-17, occurred within the scope of his agency relationship with Defendants Fatima Jones, and/or Jones Investing, LLC, or were aided by the existence of that agency relationship.

## **DEFENDANT FATIMA JONES**

19.     Defendant Fatima Jones co-owns the following subject properties: 3314 Lemuel

St., 222 West Dale Ave., and 1748 5th St.

20. At all times relevant to the action, Defendant Fatima Jones engaged Defendant Darrell Jones to act as her agent to manage the subject properties listed in Paragraph 19 above, and provided him with the actual or apparent authority to receive applications for tenancy; to accept or reject prospective tenants; to bind tenants to landlord/tenant contracts by signing leases; to use keys to access tenants' housing; to collect rents and fees; to make repairs in tenants' housing; to make adjustments to the amounts of rent, fees, or security deposits; and to evict tenants or otherwise enforce lease provisions for those subject properties.

21. At least some of the discriminatory housing practices of Defendant Darrell Jones, as described above in paragraphs 13-17 occurred at one of the subject properties listed above in paragraph 19.  Such discriminatory housing practices occurred within the scope of his agency relationship with Defendant Fatima Jones, or were aided by the existence of that agency relationship.

22. Defendant Fatima Jones is vicariously liable for the discriminatory housing practices of her agent, Darrell Jones, as described above in paragraphs 13-17 and 21.

## LIABILITY OF DEFENDANT JONES INVESTING, LLC

23. Defendant Jones Investing, LLC is a Michigan limited liability company, formed in 2008.  Darrell Jones is the President of the company.

24. Defendant Jones Investing, LLC has an ownership interest in the following subject properties: 2179 Continental Street and 1507 Park Street.

25. At all times relevant to the action, Defendant Jones Investing, LLC engaged Darrell Jones to act as its agent to manage the subject properties listed in paragraph 24, and provided him with the actual or apparent authority to receive applications for tenancy; to accept or reject prospective tenants; to bind tenants to landlord/tenant contracts by signing leases; to use keys to

access tenants' housing; to collect rents and fees; to make repairs in tenants' housing; to make adjustments to the amounts of rent, fees, or security deposits; and to evict tenants or otherwise enforce lease provisions for those subject properties.

26. At least some of the discriminatory housing practices of Defendant Darrell Jones, as described above in paragraphs 13-17, occurred at one of the subject properties listed above in paragraph 24. Such discriminatory housing practices occurred within the scope of his agency relationship with Defendant Jones Investing, LLC, or were aided by the existence of that agency relationship.

27. Defendant Jones Investing, LLC is liable for the discriminatory housing practices of its agent, Darrell Jones, as described above in paragraphs 13-17 and 26. Defendant Jones Investing, LLC knew or should have known of Defendant Darrell Jones' discriminatory housing practices, had the authority to take preventive and corrective action, and failed to take reasonable preventive or corrective measures to prevent or redress Defendant Darrell Jones' conduct.

## **CAUSE OF ACTION**

28. By the actions and statements described above, Defendants have:

   a. Denied dwellings or otherwise made dwellings unavailable because of sex, in violation of 42 U.S.C. § 3604(a);

   b. Discriminated in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

   c. Made statements with respect to the rental of dwellings that indicate a preference, limitation, or discrimination based on sex, in violation 42 U.S.C. § 3604(c); and

   d. Coerced, intimidated, threatened, or interfered with persons in the exercise or

enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by Section 804 of the Fair Housing Act, in violation of 42 U.S.C. § 3617.

29. Defendants' conduct constitutes:

   a. A pattern or practice of resistance to the full enjoyment of the rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, and

   b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, which denial raises an issue of general public importance.

30. Female tenants and persons associated with them have been injured by Defendants' discriminatory conduct. Such persons are aggrieved persons as defined in 42 U.S.C. § 3602(i), and have suffered damages as a result of Defendants' conduct.

31. The conduct of Defendants Darrell Jones and Jones Investing, LLC was intentional, willful, and/or taken in reckless disregard of the rights of others.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States requests that the Court enter an Order that:

   a. Declares that Defendants' discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601, *et seq.*;

   b. Enjoins Defendants, their agents, employees, and successors, and all other persons in the active concert or participation with them from:

      i. Discriminating on the basis of sex, including engaging in sexual harassment, in any aspect of the rental of a dwelling;

      ii. Interfering with or threatening to take any action against any person engaged in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, as amended;

      iii.    Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, Defendants' victims of past unlawful practices to the position they would have been in but for the discriminatory conduct; and

      iv.    Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, as nearly as practicable, the effects of Defendants' unlawful practices;

c. Awards monetary damages to each person aggrieved by Defendants' discriminatory conduct, pursuant to 42 U.S.C. § 3614(d)(1)(B);

d. Assesses civil penalties against Defendants in order to vindicate the public interest, pursuant to 42 U.S.C. § 3614(d)(1)(c); and

e. Awards such additional relief as the interests of justice may require.

### JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 4, 2020

Respectfully submitted,

|  |  |
|---|---|
|  | WILLIAM P. BARR<br>Attorney General |
| ANDREW B. BIRGE<br>United States Attorney<br>Western District of Michigan | ERIC S. DRIEBAND<br>Assistant Attorney General<br>Civil Rights Division |
|  | SAMEENA SHINA MAJEED<br>Chief |
| /s/ Laura A. Babinsky<br>Laura A. Babinsky<br>Assistant U.S. Attorney<br>United States Attorney's Office<br>Western District of Michigan<br>330 Ionia Avenue NW, Suite 501<br>Grand Rapids, MI 49503-2549<br>Tel: (616) 456-2404<br>Fax: (616) 456-2510<br>laura.babinsky@usdoj.gov | /s/ Onjil McEachin<br>TIMOTHY J. MORAN<br>Deputy Chief<br>ONJIL McEACHIN<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>150 M Street NE<br>8th Floor<br>Washington, DC 20530<br>Phone: (202) 353-4136<br>Fax: (202) 514-1116<br>E-mail: onjil.mceachin@usdoj.gov |
|  | Attorneys for Plaintiff<br>United States of America |