UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DARRELL JONES, FATIMA JONES, and
JONES INVESTING, LLC,

    Defendants.

Case No: 1:20-cv-502

Hon: Jane Beckering
US District Court Judge

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL
DEFENDANTS' DISCOVERY RESPONSES**

Defendants, by and through their attorneys, Bosch Killman VanderWal, P.C., make this their Response to Plaintiff's Motion to Compel Discovery and state as follows:

The Court is well aware of the discovery disputes involving the parties. The Defendants had previously requested the deposition of a 30(b) representative of the Plaintiff to testify regarding the investigation done of the 20+ alleged victims. The government has asserted that its investigation involving these individuals was attorney-work product and that its investigators were an arm of the government and/or its attorneys and therefore their investigators could not be deposed. The Court has agreed with this analysis and denied the Defendant's Motion to Compel on said issue.

In response, the Defendants have taken the same position indicating that the investigation undertaken by the Defendants at the direction of their attorney, is covered by the attorney-work product and does not need to be made available to the Plaintiff. The Plaintiff has filed yet another

1

motion on this issue. As previously indicated, the Defendants assert the requested documents are attorney-work product.

The purpose of the work-product doctrine is to allow an attorney "to assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference ... to promote justice and to protect [his] clients' interests." *In re Powerhouse Licensing, LLC*, 441 F3d 467, 474 (6th Cir 2006) citing *Hickman v Taylor*, 329 US 495, 510 (1947). The work-product doctrine protects an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process. *In re Professionals Direct Ins Co*, 578 F3d 432, 439 (6th Cir 2009) citing *Hickman v Taylor*, 329 US 495, 510-514 (1947).

Specifically, the work-product doctrine is codified at FRCP 26(b)(3) and states (A) "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." In addition, (B) states "[i]f the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." FRCP 26(b)(3)(B).

As such, FRCP 26(b)(3) protects (1) "documents and tangible things"; (2) "prepared in anticipation of litigation or for trial"; (3) "by or for another party or its representative." *In re Professionals Direct Ins Co*, 578 F3d 432, 439 (6th Cir 2009) citing *In re Powerhouse Licensing,*

*LLC*, 441 F3d 467, 472 (6th Cir 2006). To determine whether a document and tangible thing has been prepared "in anticipation of litigation," and is thus protected work product, two questions are asked: (1) whether that document was prepared "because of" a party's subjective anticipation of litigation, as contrasted with ordinary business purpose; and (2) whether that subjective anticipation was objectively reasonable. *In re Professionals Direct Ins Co*, 578 F3d 432, 440 (6th Cir 2009) citing *United States v Roxworthy*, 457 F3d 590, 594 (6th Cir 2006).

In this matter, the evidence at issue are videos depicting conversations with former tenants and members of the community, affidavits, and letters. Defendant, on behalf of his attorney, performed fact investigation to discover relevant information amongst irrelevant information and build legal theories for his defense as allowed per the work product doctrine. *In re Powerhouse Licensing, LLC*, 441 F3d 467, 474 (6th Cir 2006) citing *Hickman v Taylor*, 329 US 495, 510 (1947). Since Defendant also acquired the materials in preparation for trial and performed the acquisition in an objectively reasonable manner by performing fact investigation per FRCP 26(b)(3) and *In re Professionals Direct Ins Co*. As a result of the Defendant's fact investigation, the documents and tangible things collected are considered work product and should be protected per FRCP 26(b).

In *Taylor v Temple & Cutler*, 192 FRD 552, 558 (MI ED 1999), the court followed the analysis *In re International Systems and Controls Corp,* 693 F2d 1235 (5th Cir.1982), where the Fifth Circuit detailed the undue hardship/substantial need test for overcoming the work product doctrine. The *In re International Systems and Controls Corp* court noted that, in general, discovery of work product will be denied if the information is available through depositions. *Id at 1240.* The court explained that the party seeking discovery can demonstrate undue hardship if witnesses are not available or cannot recall the events in question. However, the court cautioned that "broad or unsubstantiated assertions of unavailability or faulty memory are not sufficient [to demonstrate

undue hardship]." *Id.* The court also explained that, in rare instances, expense may be considered in determining undue hardship. *Id* at 1241. With respect to the "substantial need for the materials," the court explained that while "some cases have found substantial need by emphasizing the importance of the documents themselves[,] .... the district court should determine if [the knowledge sought] can be discovered without the work product—i.e. by deposition testimony...." *Id.*

In this matter, Plaintiff is requesting videos depicting conversations with former tenants and members of the community, affidavits, and letters. Plaintiff alleges that obtaining equivalent evidence would cause undue hardship pursuant to FRCP 26(b)(4). Although there are exceptions to work product protections where there substantial need of the evidence or undue hardship to acquire equivalent evidence, district courts can deny the discovery of work product when the evidence can be discovered without the work product. *Taylor v Temple & Cutler*, 192 FRD 552, 558 (MI ED 1999), where the court followed *In re International Systems and Controls Corp,* 693 F2d 1235 (5th Cir.1982). Given that Plaintiff was or is capable of discovering equivalent evidence or knowledge via deposition testimony, Plaintiff fails to prove that there is undue hardship or substantial need to specifically acquire the work product. In addition, Plaintiff fails to alleged that the witnesses are not available or cannot recall the evidence in question. The Plaintiff's argument is somewhat ironic given the fact that it employed a number of investigators to allegedly dig into the details of the "sexual harassment" claims against the Defendant. The Plaintiff came up with 20 alleged victims whose tenancy with the Defendants goes back before 2010 (more than 12 years ago). Ostensibly, if the Plaintiff was able to come up with 20 alleged victims, it probably had contact with 40 or 60 different individuals or other tenants. After all, Defendants have provided the Plaintiff with the names and addresses of all of their tenants for all properties going back a dozen years. Despite this, the Plaintiff refused to provide Defendants with the names of the

4

individuals who it contacted as part of its investigation, information it obtained from these individuals, any statements, etc., under the theory that this information was attorney-work product. Defendants are asserting the same privilege with respect to investigative efforts that the Defendants and their team have undertaken at the request of the Defendants' attorney.

Given that the work-product doctrine is intended to allow an attorney "to assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference *In re Powerhouse Licensing, LLC*, 441 F3d 467, 474 (6th Cir 2006) citing *Hickman v Taylor*, 329 US 495, 510 (1947), the standard for requiring the disclosure of work product should be high in order to promote justice and preserve the integrity of the adversarial process. *In re Professionals Direct Ins Co*, 578 F3d 432, 439 (6th Cir 2009) citing *Hickman v Taylor*, 329 US 495, 510-514 (1947).

The Plaintiff asserts on Page 6 of its Brief that various letters and videos have been produced by the Defendants and therefore the attorney-work product exception has been waived. The Defendants agree with that analysis with respect to these documents. The Defendants had produced these documents in the spirit of fairness and cooperation in hopes that the Plaintiff would act in a similar fashion. Rather, the Plaintiff has indicated that the activities of its investigators are privileged and constitute work-product and as such, the Defendants have taken the same stance. It should not matter to this Court that the investigators are the Defendants themselves and/or family members who assisted the Defendants in performing the attorney-requested investigations.

The government indicates on Page 9 of its Brief that many of the witnesses that it attempted to contact refused to speak to the United States Government. Perhaps they are afraid that if they do so, they will end up in a similar lawsuit like the Defendants. The fact that these individuals will not speak to the government, does not mean that the government cannot compel their

testimony via a deposition. The Defendants do not object to re-opening discovery for two months so that both sides can conduct additional discovery. As a practical matter, it is quite likely that these individuals are unwilling to talk to the government, because of getting on the "government's radar," and quite likely these same individuals (although videotaped and/or recorded) will not voluntarily appear for trial and even if subpoenaed by the Defendants, may still be reluctant to testify which puts the Defendants' attorney in a compromising situation of having to impeach his own witnesses with earlier recorded video statements. In that regard, the videotaped statements obtained by the Defendants which they assert as attorney-client work product may have very little value.

In short, the videos are in fact attorney-client work product which were prepared in anticipation of litigation and the Defendants should not be required to produce them. The Plaintiff's Motion in that regard should be denied.

Respectfully Submitted,<br>Bosch Killman VanderWal, P.C.

Dated: <u>May 19, 2022</u>　　　　　　　　　　　　/s/ Peter D. Bosch
　　　　　　　　　　　　　　　　　　　　　　　　Peter D. Bosch (P35965)
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendants